IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| PATRICK ALONZO TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 621-082 |
| ) | |
| MR. BARNS, Correctional Officer, and ) | |
| DARRIUS SIMMON, Inmate, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, currently incarcerated at Smith State Prison ("SSP") in Glennville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Pursuant to 28 U.S.C. § 636(c), Plaintiff has consented to undersigned conducting all proceedings and presiding over final disposition of this case. (See doc. nos. 6, 7.)

**I.    SCREENING THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names the following Defendants: (1) Mr. Barns, a correctional officer at SSP; and (2) Darrius Simmon, a fellow inmate and former cellmate of Plaintiff's at SSP.

(See doc. no. 1, pp. 1, 3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 8, 2021, Plaintiff and Defendant Simmon were cellmates in Segregation Unit H-2 at SSP. (Id. at 3.) Defendant Barns and another correctional officer handcuffed Plaintiff and Defendant Simmon to escort them to the medical department. (Id.) Plaintiff's personal property was never inventoried while he was in the segregation unit, and when he was escorted out of his cell on July 8th, he was not allowed to take his property with him. (Id.) Plaintiff's tablet, adapter earbuds, Suave lotion, radio, toothbrush, letters, cards, and packaged food that were in his segregation cell are now missing. (Id.) Plaintiff alleges Defendant Barns, his cellmate, or the other correctional officer who assisted with the July 8th escort must have stolen or otherwise mishandled his property. (Id.) Plaintiff has received a replacement tablet and $7.83 in reimbursement, but he asserts that is only half the value of what he lost. (Id. at 2.) Plaintiff wants to be fully reimbursed for his missing property and released from prison for the stress caused by his loss of property. (Id. at 4.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against a Fellow Inmate

Plaintiff names fellow inmate Darrius Simmon as a Defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

3

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). A private person is only viewed as acting under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior" may be fairly attributed to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted). Plaintiff has failed to allege any such nexus, and thus, any federal claim against Defendant Simmon must be dismissed. See Mosley v. Medlin, CV 313-086, 2014 WL 3110027, at *6 (S.D. Ga. July 7, 2014) (dismissing § 1983 claim against fellow inmate where no nexus alleged between State and challenged action); Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan. 7, 2008) (same).

### 3.     Plaintiff Fails to State a Claim for Loss of Personal Property

Even if Defendant Simmon were subject to suit under § 1983, which he is not, Plaintiff's claims regarding loss of his personal property fail to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. Ct.

4

App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against either Defendant for the loss of any personal property.

## II.  CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief can be granted and **CLOSES** this civil action. The Court **DIRECTS** the **CLERK** to enter an appropriate judgment of dismissal.

SO ORDERED this 7th day of February, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA